IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STOCKMENS BANK, a Colorado corporation;<br><br>Plaintiff,<br><br>vs.<br><br>DOUBLE H PARTNERSHIP, a Nebraska general partnership;<br><br>Defendant. | 4:25CV3004<br><br>**FINDINGS OF FACT AND ORDER** |

Hearing was held before United States District Judge Susan M. Bazis on February 11, 2025, to determine Plaintiff's right of possession and request for delivery of the following described property: A planter and cultivator sold to Defendant by Colton Osborn and Stephanie Osborn on or around December 15, 2022 (hereinafter the "Property"). ([Filing No. 10](); [Filing No. 10-11]().) Plaintiff was represented by John O'Brien and Shilee Mullin of Spencer Fane Law Firm, who appeared via Zoom video conferencing. John Gumper, Plaintiff's Executive Vice President, appeared by Zoom video conferencing. Defendant was represented by Seth McCauley of Smith, Pauley law firm, who also appeared by Zoom video conferencing.

Plaintiff requested that the Court take judicial notice of the Complaint ([Filing No. 1]()) and the Affidavit of John Gumper ([Filing No. 10]()). Defendant had no objection to the Court doing so. Defendant's counsel requested that the Court take judicial notice of *Stockmens Bank v. Hastings Ag, LLC*, No. 4:25CV3003 (D. Neb. 2025), which was voluntarily dismissed without prejudice by Plaintiff (Case No. 4:25CV3003, [filing 6]()), and then re-filed as *Stockmens Bank v. Bosle*, Case No. 4:25CV3009 (D. Neb. 2025). The Court indicated it was aware of the case, as well as another case, which can be found at 4:25CV3005, and discussed this case on the record.

With respect to the Property at issue, the Court, having considered testimony and evidence submitted, finds as follows:

1. On or about April 20, 2020, Colton Osborn and Stephanie Osborn (collectively, the "Osborns") executed and delivered to Plaintiff a promissory note in the original principal amount of $125,100. (Filing No. 10-1.) On or about April 8, 2021, the Osborns executed and delivered to Plaintiff a promissory note in the original principal amount of $705,500. (Filing No. 10-2.)

2. To secure repayment of the Notes, the Osborns executed and delivered to Plaintiff several security agreements, including one dated April 8, 2021 (the "Security Agreement"). (Filing No. 10-3.) Pursuant to the terms of the Security Agreement, Plaintiff has a security interest in the Property. Plaintiff's lien on the Property was perfected by the filing of financing statements with the Nebraska Secretary of State. (Filing No. 10-4; Filing No. 10-5; Filing No. 10-6; Filing No. 10-7; Filing No. 10-8.) Plaintiff continues to hold a perfected security interest in the Property.

3. On or about December 15, 2022, the Osborns sold the Property to Defendant for $175,000. (Filing No. 10-9.) Defendant did not contact Plaintiff to inform Plaintiff that it intended to acquire the Property and did not make arrangements with Plaintiff for the release of Plaintiff's lien on the Property. Plaintiff did not know of, or consent to, the sale of the Property. The Osborns did not turn over proceeds from the sale of the Property to Plaintiff.

4. The Nebraska Uniform Commercial Code applies to "(1) a transaction, regardless of its form, that creates a security interest in personal property." Neb. Rev. Stat. U.C.C § 9-109(a). A security interest is enforceable when (1) value has been given; (2) the debtor has rights in the collateral or the power to transfer rights in the collateral to a secured party; and (3) the debtor has authenticated a security agreement that provides a description of the collateral. Neb. Rev. Stat. U.C.C § 9-203.

5. Plaintiff gave the Osborns value by giving them money as evidenced by the Notes (Filing No. 10-1; Filing No. 10-2), and the Osborns signed a Security Agreement (Filing No. 10-3) covering equipment. The Osborns had title to the Property at the time they sold it to Defendant, but it was subject to Plaintiff's perfected lien.

6. A transferee of collateral takes subject to an existing perfected security interest. Pursuant to Neb. Rev. Stat. U.C.C § 9-315, a security interest continues in collateral notwithstanding its sale, unless the secured party authorized the disposition free of the security interest, and a security interest attaches to any identifiable proceeds of collateral. Plaintiff did not authorize the disposition of the property free of the security interest. Therefore, the transfer of the collateral to Defendant was subject to Plaintiff's existing perfected security interest. Although there are several exceptions to this rule, none of them are applicable here based on the evidence presented at the hearing.

7. The only argument Defendant made at the hearing was that a question of fact remains as to whether Defendant was a purchaser of goods "in ordinary course of business," as set out in Neb. Rev. Stat. U.C.C. § 9-320, which provides an exception to Neb. Rev. Stat. U.C.C. 9-315. Under the U.C.C., "buyer in ordinary course of business" means "a person that buys goods in good faith, without knowledge that the sale violates the rights of another person in the goods, and in the ordinary course from a person, other than a pawnbroker, *in the business of selling goods of that kind*." Neb. Rev. Stat. U.C.C. § 1-201 (emphasis added). As authority, Defendant cited *Nordhues v. Maulsby*, 19 Neb. App. 620, 815 N.W.2d 175 (2012). The Court has reviewed this case and finds it does not support Defendant's position. Moreover, Defendant has not presented any actual evidence that the Osborns were engaged in the business of selling farm equipment.

8. On March 8, 2024, the Osborns filed a Chapter 12 Bankruptcy Petition in the United States Bankruptcy Court for the District of Nebraska, Case No. 24-40202-BSK (the "Bankruptcy Case").

9. By order dated October 28, 2024, the Bankruptcy Court granted Plaintiff relief from automatic stay pursuant to 11 U.S.C. § 362(d) to prosecute this case to recover the Property. (Filing No. 10-10.)

10. By a preponderance of the evidence submitted on this date, the Court determines the Osborns are in default on their obligations under the Notes and the Security Agreement. Plaintiff has shown, by a preponderance of the evidence, that it is entitled to possession of the Property, specifically a planter and cultivator sold to Defendant by Colton Osborn and Stephanie

3

Osborn on or around December 15, 2022. Defendant has not met its burden to show cause why possession of the Property should not be delivered to Plaintiff.

Accordingly,

The Court will enter a separate Order of Delivery directing the Hall County Sheriff to deliver the subject property to the possession of Plaintiff. Plaintiff is required to post bond to the Clerk of Court pursuant to Neb. Rev. Stat. § 25-1098 in the amount of $350,000. Until further order of the Court, the Temporary Order in Replevin (Filing No. 11) will remain in full force and effect.

Dated this 12th day of February, 2025.

BY THE COURT:

Susan M. Bazis
United States District Judge